IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACOB PAYNE,<br>INDIVIDUALLY AND ON BEHALF<br>OF ALL OTHERS SIMILARLY<br>SITUATED,<br><br>VS.<br><br><br><br><br>LONGHORN ORGANICS, LLC | § <br>§ <br>§   CIVIL ACTION NO. 3:21-CV-351<br>§   JURY DEMANDED<br>§<br>§   COLLECTIVE ACTION<br>§   PURSUANT TO<br>§   42 U.S.C. §216(b)<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### INTRODUCTION

1. Pursuant to 29 U.S.C. § 207 ("FLSA"), the named Plaintiff alleges violation of his statutory employment right to receive overtime pay from Defendant, Longhorn Organics, LLC ("Longhorn Organics") as a result of Defendant's failure to pay Plaintiff and all those similarly situated employees overtime wages. Pursuant to 29 U.S.C. § 216 (b), the named Plaintiff also seeks to represent all other similarly situated past and present employees, as described herein, who have not been paid overtime and to have this action certified as a collective action. For himself and all those similarly situated, the named employee seeks his unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

2. Plaintiff also brings an individual claim for retaliatory discharge pursuant to Section 15(a)(3) of the FLSA for the reason that he was terminated for questioning Defendant's practice of not paying overtime wages to its installers.

## PARTIES

3. Plaintiff, Jacob Payne is a resident of Winona, Texas. The Consent to join this action is attached as Exhibit A. Plaintiff brings this action individually on his own behalf and, pursuant to §216(b) of the Fair Labor Standards Act, as representative of individuals who are similarly situated and who have suffered the same or similar damages.

4. The Plaintiff and "Potential Plaintiffs" are Defendant's current and former employees who were employed as Installers in a non-managerial position and who were paid a salary for their work.

5. Defendant, Longhorn Organics, LLC ("Longhorn Organics") is a Texas limited liability company doing business in the state of Texas with its principal place of business at 214 US 80, Forney, Texas 75126. Defendant may be served by delivering a copy of this Complaint to its registered agent for service: Holly Dempsey, 115 Darrell Dr., Heath, TX, 75032.

## JURISDICTION AND VENUE

6. This court has jurisdiction by virtue of 28 U.S.C. §§ 1331, and 1391. The Defendants maintain an office located within the Northern District of Texas in Forney, Texas, and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, *et seq*.

## COVERAGE

7. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS

11. Within the three years prior to this case being filed, Plaintiff was employed as an installer of life support systems for large commercial aquariums for Defendant. The work performed by Plaintiff for Longhorn Organics as an installer was not exempt as defined under the FLSA. Defendant pays their installers on a salary basis and pay no overtime wages to these employees. Plaintiff alleges upon information and belief that all installers performed the same non-exempt duties and were paid a similar salary. Therefore, Defendant did not qualify for any applicable overtime exemptions and is therefore owed overtime wages for all hours worked in excess of forty (40) hours in each workweek to all of its installers. Consequently, all of Defendant's installers performed the same or similar non-exempt duties and were subjected to the identical pay practice which is challenged herein.

12. All Plaintiffs regularly worked in excess of fifty (50) hours per work week and did not receive overtime pay.

13.     Finally, Defendants failed to maintain records of Plaintiff and the Potential Plaintiffs' hours worked in violation of 29 CFR Part 516.

14.     Defendants operate out of restaurants located in Tyler, Texas.  Plaintiff alleges that the unlawful pay practices committed by Defendants were consistent across all locations operated by Defendants.

15.     Defendants are a company that is engaged in interstate commerce.  Its annual gross dollar volume of sales is in excess of $500,000 per year.

16.     Plaintiff believes and, therefore, alleges that the failure of Longhorn Organics to pay overtime pay to Plaintiff and the Potential Plaintiffs was intentional.

17.     Plaintiff further alleges that he sent information to the operations manager for Defendant, Jacob Balkey regarding the issue of the installers being paid overtime wages. The information indicated that the installers should be paid overtime wages under the FLSA. Within days of sending the information to Balkey, Plaintiff was called to Dallas and terminated for raising the issue of overtime pay.

## CLAIMS

18.     The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as "FLSA."  Among other things, the FLSA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce.  Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated for all hours worked is a direct violation of the FLSA and its accompanying regulations.  Plaintiff further alleges that the failure to pay Plaintiff and all those similarly situated one and one-half their properly calculated regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff and all those similarly situated are entitled to receive the unpaid

wages due them, liquidated damages, costs, and attorneys' fees.

19. Additionally, Defendants have violated the FLSA regulations (29 CFR pt 516) regarding recordkeeping of the hours worked by Plaintiffs.

## FIRST CAUSE OF ACTION

## FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME WAGES

20. Pursuant to 29 U.S.C. § 216 (b), Plaintiff Jacob Payne brings this action in his individual capacity as an installer and as a collective action. Plaintiff seeks this court's appointment and/or designation as representative of the Potential Plaintiffs.

21. On information and belief, there are numerous individuals who work as installers in the operation of Defendant's business who were not paid for all overtime hours worked for Defendant as described herein. The questions of law regarding being paid on a salary basis and facts of performing non-exempt duties for Defendant are common to Plaintiff and the Potential Plaintiffs. The failure to pay these individuals for the overtime hours worked was common to Plaintiff and the Potential Plaintiffs.

22. The named Plaintiff specifically requests that he be permitted to serve as a representative plaintiff for the Potential Plaintiffs, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

23. Plaintiff seeks recovery of unpaid overtime wages, liquidated damages and attorney's fees for himself and the Potential Plaintiffs.

## SECOND CAUSE OF ACTION

## FLSA – RETALIATORY TERMINATION

24. Paragraphs 1-23 are incorporated by reference herein.

25. The Defendant's termination of Plaintiff in retaliation for his complaints of

Defendant's violations of the requirements of the Fair Labor Standards Act violated Plaintiff's rights and Defendant's obligations under 29 U.S.C. §215(a)(3). Plaintiff seeks relief as provided by 29 U.S.C. §216(b), including without limitation reinstatement, or if reinstatement is impracticable, front pay in lieu of reinstatement, payment of wages lost as a result of Plaintiff's retaliatory discharge, an additional amount equal to the wages lost as liquidated damages, and such legal or equitable relief as may be appropriate to effectuate the purposes of §215(a)(3), including compensatory damages for mental anguish, loss of enjoyment of life, future loss of earning capacity and attorney fees and costs.

26.   Defendant's retaliatory discharge of Plaintiffs was willful, malicious, and with conscious disregard of Plaintiff's statutorily protected rights, thus entitling Plaintiff to an award of punitive damages.

## JURY DEMAND

27.   Plaintiff, individually and as representative of the class, requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the case be certified as a collective action and that the Plaintiff and the Potential Plaintiffs recover from Defendants the following:

1. The unpaid wages and overtime due to them;
2. Liquidated damages due to them as authorized by the applicable statutes;
3. Court costs;
4. Attorneys' fees; and
5. Such other and further relief as the Court deems just.

Respectfully submitted,


/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Phone and Facsimile
bhommel@hommelfirm.com

ATTORNEY FOR PLAINTIFF